<u>DECLARATION OF JAMES A. BOWMAN</u>

I, James A. Bowman, declare and state as follows:

1.    I am an Assistant United States Attorney.  I am assigned to the prosecution of <u>United States v. David Kaup</u>, Case No. CR 12-195-MMM.  I make this declaration in support of the Government's Sentencing Position for Defendant David Kaup.

2.    I have attached as Exhibit A to this declaration a true and correct copy of excerpts from a memorandum of an interview with co-defendant Carlo Montani with the United States Attorney's Office.  This interview was made subject to the terms of a limited immunity agreement (commonly referred to as a "queen for a day" agreement) which precludes the government from introducing defendant Montani's statements against him at trial or in connection with his sentencing.  That agreement does not preclude the government, however, from using those statements in connection with the sentencing of defendant Kaup.  The government therefore attaches this memorandum solely for the Court's consideration in sentencing defendant Kaup.

3.    I have attached as Exhibit B to this declaration a true and correct copy of a redacted version of a bankruptcy petition that was filed on October 10, 2008 for Lunden Investments in United States Bankruptcy Court in the Central District of California.  This petition lists approximately 11 investors with

///
///
///
///

1

Lunden Investments, who were owed approximately $8,970,000 at the time that the petition was filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 26 of November, 2012, in Los Angeles County, California.

James A. Bowman

2

# UNITED STATES V. DAVID KAUP
# CR NO. 12-195-MMM

# DECLARATION OF JAMES A. BOWMAN

# EXHIBIT A

12/16/2011

FD-302 (Rev. 10-6-95)

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

Date of transcription _____

at ___

On December 14, 2011, CARLO MONTANI (MONTANI), date of
birth ██████████████ and resides at ██████████████,
California was interviewed pursuant to a proffer agreement at the
United States Attorney's Office located at 312 North Spring Street,
Los Angeles, California 90012.  Also present for the interview were
Assistant United States Attorney (AUSA) James Bowman and MONTANI's
counsel, Dmitry Gorin and Jennie Barkinskaya.  After being advised
of the identities of the agents and the nature of the interview
MONTANI provided the following information:

AUSA Bowman reviewed the proffer agreement with MONTANI
and stressed the importance of MONTANI being truthful.  MONTANI
read the proffer agreement.  MONTANI said he understood the
contents of the proffer agreement and the importance of being
honest.  Both MONTANI and his attorney reviewed and signed the
agreement.

MONTANI started by providing some background information.
MONTANI said he completed some college.  He attended Long Beach
City College and studied for an Associate of Arts degree.  MONTANI
did not obtain the degree.

When MONTANI was approximately 21 years old, between 2005
and 2006, he got a little experience in the mortgage industry.  He
wanted to become a mortgage officer.  He worked at a company called
First National.  MONTANI lost his position when the company closed.
MONTANI cold called potential customers for First National.  He
started six or seven files, but never closed those loans.  MONTANI
sold sub-prime loans at the time.

MONTANI then worked for Verizon for one to two years.
After working for Verizon MONTANI worked at AT&T until January
2011.

MONTANI started First Mortgage West (FMW) sometime in
late March or early April 2010.  FMW was opened up under MONTANI's
name while MONTANI still worked at AT&T.  MONTANI was originally
approached by ALEX HERNANDEZ (HERNANDEZ) about opening the company.
HERNANDEZ gave MONTANI the following guidelines about FMW:  they
would require an up-front deposit from customers, the customers
would fill out all the other normal loan paperwork, and they would

---

Investigation on   12/16/2011        Los Angeles

File # 329E-LA-257791                    Date dictated
       SA Ryan Heaton:rh
by   SA Karen C. Jensen

This document contains neither recommendations nor conclusions of the FBI.  It is the property of the FBI and is loaned to your agency;
it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

, On                    , Page

329E-LA-257791
                CARLO MONTANI                      12/16/2011          2

Continuation of FD-302 of _____   _____   _____

offer a low interest rate.  The explanation for the low interest
rate was that investors would fund the loans.  The up-front deposit
provided by customers would actually go into a trading account.
MONTANI and the other FMW partners would keep the profits made from
the trade account and then return the up-front deposit back to the
FMW customers.  HERNANDEZ had worked in the mortgage industry
before and was one of the FMW partners.  The third partner was
DAVID KAUP (KAUP), who also had mortgage experience.

        MONTANI met HERNANDEZ through the Cuban community.
MONTANI and HERNANDEZ have the same circle of friends.

        FMW was opened in MONTANI's name because HERNANDEZ had a
criminal history.  MONTANI did not ask about the details of
HERNANDEZ's criminal history.  MONTANI was promised between
$10,000-$15,000 a month just for being the Chief Executive Officer
(CEO) of FMW.  MONTANI had some concerns at the start, but did not
feel the risk would matter because customers' money would be
returned to them.

        MONTANI first met KAUP after the company was started.
HERNANDEZ told MONTANI that KAUP was the trader.  MONTANI did not
have any discussions with anyone about what would happen if the FMW
customers' money was lost.

        MONTANI said the normal loan process along with the
trading of the customers' deposits would generate the profits for
the company.

        The purpose of the advance deposit by the customer was to
show proof to the investors that FMW and its customers were
serious.  The FMW customers were not told that their advance
deposits were used to trade.

        MONTANI decided FMW was a good opportunity for him to
make some money.  KAUP helped MONTANI find a broker, WALTER
HAYASHIDA (HAYASHIDA).  KAUP also helped find an office, open bank
accounts, prepare the contracts for clients and file the statement
of information with the State of California.  KAUP gave MONTANI the
customer contracts used by FMW.

        MONTANI said a loan processor was hired for the company,
WILFREDO RIVERA (RIVERA).  MONTANI was not certain he remembered
RIVERA's last name correctly.

FD-302a (Rev. 10-6-95)

, On                          , Page

329E-LA-257791
            CARLO MONTANI                     12/16/2011        3

Continuation of FD-302 of _____   _____   _____

        MONTANI was the owner of FMW on paper.  He went to the
office everyday.  Eventually he started calling on loans and
obtained leads from outsides parties.

        Special Agent Heaton joined the interview.

        MONTANI was shown a Statement of Information for the
State of California for FMW.  MONTANI confirmed he signed the
document.  MONTANI thought the name of the company might have come
from KAUP, but he was not certain.  MONTANI completed the documents
at KAUP's apartment.  KAUP lived in the Watermark Tower in downtown
Los Angeles, apartment 2505 or 2504.  KAUP already had the
documents when MONTANI arrived, MONTANI only had to sign them.
MONTANI then took the documents and filed them.  HERNANDEZ was not
present when MONTANI signed the documents.

        MONTANI opened the trading account for FMW.  KAUP asked
MONTANI to open the trading account.  MONTANI knew he was going to
have to open the trading account from his prior conversations with
HERNANDEZ.  KAUP recommended the trading company they used, MB
Trading.  MONTANI was shown the opening documentation for the
trading account.  MONTANI confirmed he signed the documents.
MONTANI said the MB trading account was where FMW customers'
advance deposits were sent to be traded.  MONTANI transferred the
money to the trading account.  KAUP, HERNANDEZ and MONTANI all
discussed how much money to transfer into the trading account at a
given time.

        KAUP conducted the trading.  KAUP was the only one with
access to the trading account.  KAUP showed MONTANI graphs and
balances so MONTANI knew how the account performed.  The goal was
to earn profits off the trading of customer deposits.

        MONTANI was asked if any other FMW employees knew FMW was
trading the deposits of its customers.  MONTANI suspected all the
employees knew towards the end of FMW's existence.  Employees were
only supposed to know that FMW did mortgages, but by the end
MONTANI thought it had been figured out by at least one employee,
RYAN "DEMO" DEMADERIOS (DEMADERIOS), that FMW did not intend to
obtain the mortgages for its customers.  DEMADERIOS was present for
discussions about the trading account and what deposits were coming
in.  DEMADERIOS was the sales manager.  DEMADERIOS never voiced any
concerns about the trading.  DEMADERIOS only received extra
compensation when a customer sent in their deposit, he was not
given extra compensation because he suspected wrong doing.

FD-302a (Rev. 10-6-95)

, On                    , Page

329E-LA-257791
          CARLO MONTANI                    12/16/2011          4

Continuation of FD-302 of _____    _____    _____

    MONTANI recalled wiring approximately $300,000 during the month of September to a US Bank account in the name of FMW. MONTANI was also the signer on the US Bank account.  MONTANI said the money was to pay out KAUP.  The first two wires for approximately $30,000 were test wires.  The payoff amount for KAUP was $250,000.  MONTANI said there was a disagreement between HERNANDEZ and KAUP as to how KAUP's profits should be handled. KAUP asked MONTANI to wire the money to the US Bank account because HERNANDEZ did not pay KAUP what KAUP was owed.  KAUP offered to give MONTANI some money if MONTANI wired out the funds.  MONTANI agreed to assist KAUP and received approximately $17,000 for the help.  MONTANI said when they referred to the profits from the trading, he meant the money earned in excess of the principal in the trading account.  MONTANI said FMW customer money that was spent in other ways did not factor into their profit calculation. KAUP told MONTANI that KAUP was owed the money in the trading account.  HERNANDEZ did not know about the transfer.  MONTANI did not think HERNANDEZ would allow that much money to go to KAUP. MONTANI did not know what KAUP did with KAUP's proceeds.

    MONTANI said Chi Belle Epoche was a corporation owned by KAUP.

    MONTANI used an alias when he talked to FMW customers. MONTANI's alias was ROBERT WEISS.  MONTANI said it was HERNANDEZ or KAUP's idea to use aliases.  HERNANDEZ said it was a good idea to use aliases because it would protect them if customers came after them.  MONTANI said he understood that to mean customers would come after them because they were committing fraud at FMW.

    HERNANDEZ used the alias BENJAMIN BACHMANN.

    KAUP used the alias DAVID MARTINEZ.

    MONTANI overheard KAUP use his alias when speaking to customers.  MONTANI overheard KAUP tell customers they would get their money back and that their deposit would stay in an account untouched.

    MONTANI said when he started he was confident FMW customers would ultimately receive their deposit back.  As time passed MONTANI said it turned out customers were not receiving their money back.  MONTANI knew from the inception of the company that customers' deposits would be accessed immediately upon receipt.

FD-302a (Rev. 10-6-95)

, On                           , Page

329E-LA-257791
      CARLO MONTANI                          12/16/2011          6

Continuation of FD-302 of _____     _____     _____

     MONTANI explained that he acquired a pre-existing company name, American Mortgage Corporation, and used that company to create FMW in California.  The pre-existing company allowed MONTANI to make it appear as though FMW had existed for much longer than it had.

     MONTANI said KAUP obtained the Better Business Bureau (BBB) rating.  KAUP paid approximately $300 to obtain the rating.  MONTANI said HAYASHIDA's background helped them obtain an "A" rating from the BBB.

     MONTANI retained an agreement between himself and KAUP.  MONTANI provided a copy to the agents.  KAUP said he needed the document for trading.  MONTANI also had a document showing he sold the company to ADRIAN MUNOZ (MUNOZ).  At the start of the company HERNANDEZ wanted more control than MONTANI anticipated.  HERNANDEZ wanted more say on the spending of FMW's funds.  HERNANDEZ came up with the idea to put the company in MUNOZ's name.  MONTANI continued to work at FMW and oversee the operation.  MONTANI was paid a salary after the company was put in MUNOZ's name.  MONTANI estimated he received $70,000-$90,000 as compensation from FMW.  MONTANI did not receive any money from MUNOZ's buyout.  MONTANI acknowledged the purpose of the sale was to remove MONTANI's name from the company.  MUNOZ did not have access to the bank accounts.  MONTANI said essentially HERNANDEZ became the boss.

     MONTANI initially was the signer of the Bank of America (BOA) FMW accounts.  Then when FMW was put in MUNOZ's name, MUNOZ was made the signer.  MUNOZ did not have access to the bank accounts.  HERNANDEZ took control of the bank accounts.  MUNOZ lives in Texas.  MUNOZ only came to Los Angeles for a few weeks to set up the bank accounts.  HERNANDEZ had a stamp made of MUNOZ's signature.  The stamp was used to stamp MUNOZ's signature on outgoing checks from the BOA account.

     MONTANI again summarized the plan of FMW from the start.  First obtain information from customers to obtain a refinance.  Then require the customers to make a deposit of funds into an FMW account to secure the refinance, with the assurance that the money would remain untouched.  That deposit would then be traded.  MONTANI, KAUP and HERNANDEZ would keep the profits of the traded funds.  They would then return the customers' money.  MONTANI thought another step was the customer would get their refinance, but that never happened.  MONTANI said it was after only a few deposits he realized no one worked on obtaining the re-financing

# UNITED STATES V. DAVID KAUP
# CR NO. 12-195-MMM

# DECLARATION OF JAMES A. BOWMAN

# EXHIBIT B

Form B1 (Official Form 1) (1/08)   Case 2:08-bk-27008-BR   Doc 1   Filed 10/10/08   Entered 10/10/08 16:15:22   Desc
Main Document   Page 1 of 15

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**LUNDEN INVESTMENTS, INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all) ▇▇▇ | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**879 West 190th Street, Unit 400<br>Torrance, California**<br>ZIP CODE **90248** | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**70 South Lake Avenue, 10th Floor, Pasadena, California**   ZIP CODE **91101** | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7   ☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9   ☐ Chapter 12<br>☐ Chapter 13   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box) |
|---|---|---|
| | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**FILED**

OCT 1 0 2008

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form B1 (Official Form 1) (Rev. 4/08)
Case 2:08-bk-27008-BR    Doc 1    Filed 10/10/08    Entered 10/10/08 16:15:22    Desc
Main Document    Page 2 of 15                    /08 USBC, Central District of California

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**LUNDEN INVESTMENTS, INC.** | FORM B1, Page 2 |
|---|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)**

| Location<br>Where Filed:  **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)**

| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X** _Not Applicable_<br>Signature of Attorney for Debtor(s)          Date |
|---|---|

| **Exhibit C**<br><br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐  Yes, and Exhibit C is attached and made a part of this petition.<br>☑  No | **Exhibit D**<br>(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☐      Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br>If this is a joint petition:<br><br>☐      Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |
|---|---|

**Information Regarding the Debtor - Venue**
*(Check any applicable box)*

☑     Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐     There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐     Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐     Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐     Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐     Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐     Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Form B1 (Official Form 1) (Rev. 2/08)    Case 2:08-bk-27008-BR   Doc 1   Filed 10/10/08   Entered 10/10/08 16:15:22   Desc
Main Document   Page 3 of 15    '08 USBC, Central District of California

| Voluntary Petition | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | LUNDEN INVESTMENTS, INC.    FORM B1, Page 3 |

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
_____
Signature of Debtor

X **Not Applicable**
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney**

X _____
Signature of Attorney for Debtor(s)

**Gene W. Choe**
Printed Name of Attorney for Debtor(s)

**Law Offices of Gene W. Choe**
Firm Name

**3699 Wilshire Boulevard Suite 720**
Address

**Los Angeles, CA 90010**
_____

**213-639-3888**         213-383-8280
Telephone Number

☎ *10/10/08*         **187704**
Date                         Bar Number

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of Title 11, United States Code Certified Copies of the documents required by § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
_____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**
_____
                                    Date
Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

**David Kaup**
Printed Name of Authorized Individual

**CEO**
Title of Authorized Individual

*10/10/08*
Date

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at __Los Angeles_____, California _____

Dated: __10/10/08_____                                         Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised May 2004

F 1015-2.1

Form B6D - (12/07)

2007 USBC, Central District of California

| In re | LUNDEN INVESTMENTS, INC. | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☑   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | | | | | | |
| | | | Value | | | | | |

0 continuation sheets attached



| | | |
|---|---|---|
| Subtotal (Total of this page) ➤ | $        0.00 | $        0.00 |
| Total (Use only on last page) ➤ | $        0.00 | $        0.00 |
| | (Report total also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

Form B6E- (Rev. 12/07)

| In re | LUNDEN INVESTMENTS, INC. | 2007 USBC, Central District of California |
|---|---|---|
| | | Case No.: |
| | Debtor. | (If known) |

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations:** Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals:** Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units:** Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated:** Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  continuation sheets attached

Case 2:08-bk-27008-BR    Doc 1    Filed 10/10/08    Entered 10/10/08 16:15:22    Desc
Main Document    Page 7 of 15

Form B6E- (Rev. 12/07)

| In re | LUNDEN INVESTMENTS, INC. | | Case No.: | |
|-------|--------------------------|--------|-----------|----------|
| | | Debtor. | | (If known) |

2007 USBC, Central District of California

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of
Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals▸ (Totals of this page) | $   0.00 | $   0.00 | $   0.00 |
| Total ▸ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $   0.00 | | |
| Total ▸ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $   0.00 | $   0.00 |

Form B6F (Official Form 6F)  - (Rev. 12/07)                                                         2007 USBC, Central District of California

| In re | LUNDEN INVESTMENTS, INC. | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. **Andrew Oman** ████████ | | | 07/2008 Deposit for Commercial Loan | | | | 2,000,000.00 |
| Last four digits of ACCOUNT NO. **Bill Armstrong** ████████ | | | 05/08/2008 Deposit for Commercial Loan | | | | 500,000.00 |
| Last four digits of ACCOUNT NO **Dallas Rice** ████████ | | | 09/08/2008 Deposit for Commercial Loan | | | | 400,000.00 |
| Last four digits of ACCOUNT NO **Dallas Rice** ████████ | | | 08/08/2008 Deposit for Commercial Loan | | | | 400,000.00 |
| Last four digits of ACCOUNT NO. **Gary Huntington** ████████ | | | 07/08/2008 Deposit for Commercial Loan | | | | 400,000.00 |

2   Continuation sheets attached

| | | |
|---|---|---|
| Subtotal ➤ | $ | 3,700,000.00 |
| Total ➤ | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Form B6F (Official Form 6F)  - (Rev. 12/07)                                           2007 USBC, Central District of California

| In re   LUNDEN INVESTMENTS, INC. | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO. Jandrea Naylor | | | 05/08/2008 Deposit for Commercial Loan | | | | 400,000.00 |
| Last four digits of ACCOUNT NO. Jason Linford | | | 01/08/2008 Deposit for Commercial Loan | | | | 1,800,000.00 |
| Last four digits of ACCOUNT NO. Joseph Hoffman | | | 06/08/2008 Deposit for Commercial Loan | | | | 400,000.00 |
| Last four digits of ACCOUNT NO.   6/08 Kenneth Blumenburg | | | 07/01/2008 Deposit for Commercial Loan | | | | 1,000,000.00 |
| Last four digits of ACCOUNT NO. Mark Kinser | | | 06/08/2008 Deposit for Commercial Loan | | | | 450,000.00 |

Sheet no. 1 of 2 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal | $ | 4,050,000.00 |
| Total | $ | |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Case 2:08-bk-27008-BR    Doc 1    Filed 10/10/08    Entered 10/10/08 16:15:22    Desc
Main Document    Page 10 of 15

Form B6F (Official Form 6F) - (Rev. 12/07)

2007 USBC, Central District of California

| In re | LUNDEN INVESTMENTS, INC. | Case No.: | |
|---|---|---|---|
| | Debtor. | | (If known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Last four digits of ACCOUNT NO.<br>Rhana el bey Swaize | | | 07/08/2008<br><br>Deposit for Commercial Loan | | | | 500,000.00 |
| Last four digits of ACCOUNT NO.<br>Stephen Fedor | | | 06/08/2008<br><br>Deposit for Commercial Loan | | | | 720,000.00 |

Sheet no. 2 of 2 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

| | | |
|---|---|---|
| Subtotal | $ | 1,220,000.00 |
| Total | $ | 8,970,000.00 |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

Case 2:08-bk-27008-BR    Doc 1    Filed 10/10/08    Entered 10/10/08 16:15:22    Desc
Main Document    Page 11 of 15

## United States Bankruptcy Court

### Central District of California

In re:

LUNDEN INVESTMENTS, INC.

Case No. _____

Chapter    7

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, David Kaup, declare under penalty of perjury that I am the CEO of **LUNDEN INVESTMENTS, INC.**, a  California Corporation and that on **10/17/2006** the following resolution was duly adopted by the  of this Corporation:

"Whereas, it is in the best interest of this Corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code;

Be It Therefore Resolved, that David Kaup, CEO of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case on behalf of the Corporation; and

Be It Further Resolved, that David Kaup, CEO of this Corporation, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Corporation in connection with such bankruptcy case; and

Be It Further Resolved, that David Kaup, CEO of this Corporation, is authorized and directed to employ **Gene W. Choe**, attorney and the law firm of **Law Offices of Gene W. Choe** to represent the Corporation in such bankruptcy case."

Executed on:   10/10/08

Signed:   _____
David Kaup

Verification of Creditor Mailing List - (Rev. 10/05)                    2003 USBC, Central District of California

## MASTER MAILING LIST
### Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        Gene W. Choe
Address     Law Offices of Gene W. Choe
            3699 Wilshire Boulevard
            Suite 720
            Los Angeles, CA 90010
Telephone   213-639-3888
☒  Attorney for Debtor(s)
☐  Debtor In Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names, used by Debtor(s) within last 8 years:<br><br>LUNDEN INVESTMENTS, INC. | Case No.:<br><br>Chapter:           7 |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of _____3_____ sheet(s) is complete, correct , and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date: 10/10/08

David Kaup, CEO

Gene W. Choe, Attorney (if applicable)

LUNDEN INVESTMENTS, INC.
879 West 190th Street, Unit 400
Torrance, California 90248

Gene W. Choe
Law Offices of Gene W. Choe
3699 Wilshire Boulevard
Suite 720
Los Angeles, CA 90010





15

